Frost J.
delivered the opinion of the Court.
The objection to the service of the writ in this case, assumes, that the Acts of Assembly, regulating the service of process, extend to corporations; and that since a corporation cannot be corporally arrested, process against it must be served by leaving a copy at the residence; and that the legal residence of the company is in Charleston, where its principal office of business is located. It is manifest, that by the Act of 1721, and all the subsequent Acts, when it is provided, “that original process shall be by writ to attach the body of the defendant; and if he cannot be found, that it may be served by leaving a copy at his place of residence;” natural persons only are intended. Whether the defendant be arrested or served by leaving a copy at his residence, he is, in law, attached to answer the plaintiff. But a corporation cannot be attached, and can only be made a party to a suit by summons and distringas.
Even if service of process against a corporation should be made, as against individuals, it is not true that the legal residence of a corporation is confined to the locality of its principal office of business. The case of Cromwell, v. The Insurance and Trust Company, 2 Rich., 512, only decided that a corporation may have a constructive residence in the city of Charleston, so as to subject it to the jurisdiction of the City Court, under the Act extending its jurisdiction to contracts of insurance. A corporation, like a natural person, may have a special or constructive residence, so as to be charged with taxes and duties, or be subjected to a special jurisdiction. In such restricted and qualified sense, was the Insurance and Trust Company, in that case, held to be a resident of Charleston.
Strictly speaking, a corporation can have no local residence or habitation. Created by law, and known by the legal capacities conferred upon it, it exists only in the recognition of the rights and franchises which it may claim. Wherever the law is recognised from which its franchises are derived, there Jt exists. It extends to the territorial limits of the jurisdiction which granted its charter; which, for judicial purposes, defines its locality. When that jurisdiction is recognised, it may sue in foreign Courts, and may be sued by attachment of its property, *73 as a foreign debtor. Having no material, visible existence, except in the property it may claim, it is represented by that. Distringas is the regular mode of making it a party to a suit. The Company is represented by its road and possessions extensively through the State. Along the whole extent of its road, rights and liabilities accrue. The materials for construction and repair, necessary supplies for its operation, agencies in the conduct of its business and the transportation of freight and passengers, give rise to contracts over a large portion of the State. The residence of the Company, if a local residence can be affirmed of it, is most obviously where it is actively present in the operations of its enterprise.
But the question of residence is not material after it has been shewn that the acts relating to the service of process are limited to natural persons, and that a corporation must be a party to suits by summons. In Merriwether v. The Bank of Hamburg, Dud. Rep., 36, it was ruled, that corporations are represented by their officers, and are made parties in Court by serving them with copies of the process; and that if the corporation does not appear, it is not necessary to resort to a distringas to enforce an appearance; but the plaintiff may proceed to file his declaration and take judgment by default. The regularity of the service of the process, in this case, by delivering a copy to the President, is not questioned. After this summons, if it had been necessary that the Company should appear, an appearance may have been enforced by a distringas on the Company’s property in Richland District. The practice? which dispenses with appearance, was not intended to restrict, but on the contrary facilitate, the service of process on corporations. The service of a summons must then, at least, be regular, when the corporation is subject to a distringas in the district to which the summons is returnable.
This conclusion best consists with public right and convenience. It does not seem just or proper, that, while a corporation may sue its debtors in any district of the State, in which they may reside or be arrested, and thus, to some extent, select the district in which it may bring suit, that it should also claim to be sued in a peculiar jurisdiction. The convenience and *74 interest of the numerous creditors of the Company to recover their demands in the Court of the District, in which they reside or the cause of action accrued, are entitled to as much consideration as the interest and convenience ofthe Company to defend such suits in the Court of Charleston District. To grant the defendant’s motion, would confer on the Company the power of selecting the vicinage, from which the jury shall be drawn in actions against them, by a voluntary appearance to suits in other districts, with the power to claim a Charleston jury.
The motion is refused.
Richardson J., O’Neall J., and Evans J., concurred.
Wardlaw J., dissenting.